RUTH KESLER v. J. C. STOKES AND WORTH T. KESLER.

(Filed 28 April, 1965.)

1. **Trial § 48—**
   The court has the discretionary power to set aside the verdict as against one defendant while refusing to set it aside against the other defendant, and its orders doing so are not subject to review.

2. **Appeal and Error § 20—**
   One defendant is not prejudiced by the order of the court staying execution against the other defendant pending retrial of the issues against the first defendant, and the first defendant has no standing to challenge the stay of execution.

APPEAL by defendants from *Clark, S. J.*, November, 1964 Session, ROWAN Superior Court.

The plaintiff instituted this civil action to recover damages for personal injury sustained as the result of an automobile collision between a Chevrolet owned and operated by H. C. Stokes and a Plymouth owned and operated by Worth T. Kesler, in which the plaintiff, wife of Kesler, was riding as a passenger. The jury found the defendant Kesler was negligent; that the defendant Stokes was not negligent; and fixed plaintiff's damages at $2,600.00. The court, in its discretion, set aside the jury's finding that Stokes was not negligent and ordered a new trial on that issue. From a judgment that the plaintiff recover of the defendant Kesler the sum of $2,600.00, but that execution be stayed pending trial on the issue of Stokes' negligence, both defendants appealed.

*George R. Uzzell, Robert M. Davis, for plaintiff appellee.*

*Woodson, Hudson & Busby, by Nelson Woodson, Max Busby, for defendant Kesler, appellant.*

*Kluttz & Hamlin by Lewis P. Hamlin, Jr., for defendant Stokes, appellant.*

PER CURIAM. The pleadings and the evidence were sufficient to require the submission of a separate issue of negligence against each defendant. The judge, in setting aside the jury's finding that Stokes was not negligent, and in refusing to set aside the finding that Kesler was negligent, acted within the discretionary power vested in him. The decisions are not subject to review.

Stokes alone assigns as error that part of the judgment which stays the execution until the issue of his negligence is resolved. The plaintiff, the judgment creditor, did not appeal. The appellant Kesler does not assign the stay as error. Stokes, while still a party to the action, is not a party to, nor prejudiced by, the judgment. Hence he is not in a position to challenge the stay of execution.

No error.